# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| WARREN SKILLERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV611-101 |
| | ) | |
| B. AVANT EDENFIELD; | ) | |
| JAMES GRAHAM, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Warren Skillern, a convicted rapist and child molester currently incarcerated at the Georgia State Prison in Reidsville, Georgia, has filed yet another in a long series of 42 U.S.C. § 1983 complaints and motions to proceed *in forma pauperis* ("IFP").[1]  Docs. 1 & 2.  He seeks to sue judges on this Court for abridging his access to the courts.  Doc. 1. Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g)'s "three strikes" provision, so his complaint should be **DISMISSED**

---

[1]  As noted in *Skillern v. Wood*, C411-121 (S.D. Ga. May 19, 2011), "[h]e is listed as a party in 191 separate cases and has exceeded the statutorily permitted three strikes by a wide margin."  *Id.* doc. 3 at 1 n. 1; *see also Skillern v. Georgia State Patrol*, 2011 WL 3841279 (S.D. Ga. Aug. 29, 2011); *Skillern v. Gordon County Dist. Atty.*, 2011 WL 2971174 (S.D. Ga., Jul. 20, 2011) (additional § 1915(g)-dismissed cases).

without prejudice.  To that end, he does not even bother to acknowledge, much less attempt to satisfy, § 1915(g)'s "imminent danger" exception.[2]

**SO REPORTED AND RECOMMENDED** this _13TH_ day of September, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]   The Chief Judge may want to consider applying to this inmate what the Supreme Court just did to another inmate before this Court: A filing fee bar. *Bazemore v. United States*, ___ U.S. ___, 131 S.Ct. 2889, 2889 (2011) ("As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1. *See Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (*per curiam*)."); *see also Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 40 (11th Cir. 2010) (injunction prohibiting state prisoner from filing IFP petitions in civil cases litigated in federal court was not overbroad, where prisoner was not prohibited from actions in which he paid the appropriate fees, from criminal cases, or from litigating in state courts), applied in *Harris v. St. Lawrence*, CV410-047, doc. 3 (S.D. Ga. May 12, 2010); *Quaterman v. Quarterman*, 2010 WL 4790785 at * 2 (S.D. Ga. Oct. 7, 2010) ("*Smith* warning" issued), *adopted*, 2010 WL 4789007 (S.D. Ga. Nov 17, 2010); *Wilkerson v. Statesboro Police Dept.*, 2009 WL 4609603 at * 2 (S.D. Ga. Dec. 2, 2009) (serial filer "barred from filing any more lawsuits until she first posts a $100 frivolity bond, from which the Court will subtract $100 for the next frivolous lawsuit that she files.").